## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**FELIX PERKINS**                                                            **PETITIONER**

**v.**                                                              **No. 2:11CV50-GHD-SAA**

**C.M.C.F., ET AL.**                                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Felix Perkins for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Perkins has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Felix Perkins, is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Perkins was convicted of Sale, Transfer or Delivery of a Controlled Substance within 1,500 Feet of a Church in the Circuit Court of Coahoma County, Mississippi. On July 24, 2008, he was sentenced as a habitual offender to serve thirty years in the custody of the Mississippi Department of Corrections ("MDOC"). State Court Record ("SCR"), Vol. 1, p. 30-32.

Perkins filed an appeal of his conviction and sentence in the Mississippi Supreme Court, raising the following issues (as stated by counsel):

Issue 1.    Whether the verdict was against the overwhelming weight of the evidence.

Issue 2.    In the alternative, whether the appellant was deprived of effective assistance of counsel, depriving appellant of his constitutional right to a fair trial. Counsel presented a theory of defense based on Perkins' testimony that he sold sheetrock to the CR, not cocaine. However, counsel failed to submit any type

of jury instruction to support this theory of defense.

On December 1, 2009, the Mississippi Court of Appeals found no merit to these issues and affirmed

the judgment of the circuit court. *Perkins v. State*, 37 So.3d 656 (Miss. Ct. App. 2009), *reh'g denied,*

March 30, 2010, *cert. denied,* June 24, 2010 (Cause No. 2008-KA-01387-COA).

On September 24, 2010, Perkins filed a *pro se* Application for Leave to Proceed in the Trial

Court with a motion for post-conviction relief ("PCR") in the Mississippi Supreme Court, raising the

following issues (as stated by Perkins):

Issue 1.    Defective indictment that was unsupported by probable cause.

Issue 2.    Perkins denied his right to a fast and speedy trial due to ineffective assistance
            of counsel.

Issue 3.    Ineffective assistance of counsel.

            A. Failed to file motion to suppress to quash indictment that was unsupported
               by probable cause.

            B. Trial counsel failed to discredit the state key witness [Ricky Bridges]

            C. Failed to file motion to suppress the lab result to determine if the state
               could establish proper chain of custody.

            D. D. The surveillance tape in this case was entered as evidence, although the
               record does not establish whether it was entered under M.R.E. 401 or
               404(b) as required.

The Mississippi Supreme Court found the petition to be without merit and, on November 24, 2010,

denied the application. Miscellaneous Pleadings, Cause No. 2008-M-00827.

In the instant Petition for Writ of Habeas Corpus, filed on March 7, 2011, Perkins raises the

following issues (*pro se*):

**Ground One.**    Verdict against the overwhelming weight of the evidence.

- 2 -

**Ground Two.**      Ineffective assistance of counsel.

Trial counsel failed to submit[] an instruction on petitioner['s] theory of the case as requested.

**Ground Three.**      **A.**      Denial of right to speedy trial § 99-17-1.

**B.**      Ineffective assistance of counsel

1.  Counsel was deficient when he untimely asserted defendant's right to speedy trial March 4, 2008, which was 269 days past arraignment.

2.  That trial counsel was deficient in his failure to obtain a ruling on the speedy demand as required.

**Ground Four.**      Ineffective assistance of counsel.

**A.** Trial counsel failed to properly investigate and suppress the indictment that was defective;

**B.** Also trial counsel failure to discredit the state key witness Sergeant Ricky Bridges with having two bites at the apple.

**Ground Five.**      Ineffective assistance of counsel.

Trial counsel failed to request that the evidence (surveillance tape) be balance[d] under M.R.E. 403 as required, which denied petitioner a fair trial.

**Ground Six.**      Ineffective assistance of counsel.

Trial counsel failed to suppress the lab result to determine if state could establish a proper chain of custody to satisfy the M.R.E. 901(A).... there [was] a reasonable inference of likely tampering with or substitution of the evidence.

**Ground Seven.**      Whether the indictment was defective due to false testimony and false presentation of the evidence and the state['s] deliberate use of the perjured testimony and evidence.

Perkins has exhausted his state court remedies as to the claims raised in Grounds One, Two, Three,

Four, Five, Six, and Seven of his petition.[1]

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all grounds in the instant petition

on the merits and decided those issues against the petitioner; hence, these claims are barred from

*habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d),

unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris*

*v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to

questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's

claims challenge both the application of law and the finding of fact, this court must consider the

exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior

adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable*

*application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision

---

[1] Though Perkins has not exhausted his claim in Ground Three (B), as discussed below, that claim will
be denied on the merits.

is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any ground in the instant petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Evidence Insufficient to Support the Verdict

In Ground One, Perkins claims that the evidence was insufficient to support the verdict. To prove a claim of insufficient evidence to support the verdict, the evidence, viewed in the light most favorable to the prosecution is such that no rational factfinder could have found the essential elements

- 5 -

of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). In this case the

Mississippi Court of Appeals and the Mississippi Supreme Court examined the evidence, considering

it in light most favorable to the prosecution, accepted all credible evidence consistent with the verdict

as true, *Perkins v. State*, 37 So.3d at 659, and both courts found sufficient evidence to support the

verdict.

The Mississippi Court of Appeals summarized the facts of this case:

In August 2006, James Hollingsworth was working as an informant with the
Clarksdale Police Department. On August 31, 2006, he purchased crack cocaine from
Perkins in a parking lot in Clarksdale, Mississippi. According to the State's evidence,
the location where the buy took place is within 1,500 feet of Calvary Missionary
Baptist Church. [FN2] Thereafter, Perkins was arrested and charged with selling
cocaine within 1,500 feet of a church. He went to trial on July 24, 2008.

> FN2. As will be discussed later, Perkins contends that he sold
> Sheetrock and disputes that the sale took place within 1,500 feet of
> Calvary Missionary Baptist Church.

Sergeant Ricky Bridges testified that he and Corporal Joseph Wide met with
Hollingsworth at a pre-buy location on August 31, 2006. Sergeant Bridges searched
Hollingsworth and his vehicle for contraband, equipped him with audio and video
surveillance equipment and two evidence bags, and issued him eighty dollars in city
funds. [FN3] Sergeant Bridges stated that Hollingsworth then met with Perkins while
he and Corporal Wide listened to the transaction from a nearby location. [FN4]
According to Sergeant Bridges, the buy occurred "west of the intersection of Sixth and
Barnes," which is 147 feet from Calvary Missionary Baptist Church. Sergeant Bridges
testified that, after the deal was completed, Hollingsworth returned to the pre-buy
location and gave them the crack cocaine that he had purchased from Perkins.
Sergeant Bridges stated that no additional drugs were found when they searched
Hollingsworth and his vehicle after the buy. Sergeant Bridges stated that he sealed,
initialed, and transported the evidence bag containing the crack cocaine to an evidence
locker at the Clarksdale Police Department. The crack cocaine was taken to the
Mississippi Crime Laboratory on September 25, 2006.

> FN3. Sergeant Bridges testified that they expected Hollingsworth to
> make two buys, spending forty dollars on each transaction.

> FN4. Sergeant Bridges testified that he later viewed the videotape.

- 6 -

Corporal Wide testified that, although he could not remember the exact location of the buy, he thought that it had occurred at the intersection of Sixth and Grant Street. Despite his uncertainty regarding the intersecting street, Corporal Wide was certain that the transaction occurred on Sixth Street. According to Corporal Wide, the videotape depicts Perkins putting a "white rock-like substance" in Hollingsworth's hand. [FN5] Corporal Wide stated that Hollingsworth brought the substance back and gave it to one of the officers. Corporal Wide also testified that the post-buy search of Hollingsworth and his vehicle was not captured on video.

> FN5. Teresia Hickmon, a forensic scientist with the Mississippi Crime Laboratory, testified that a drug analysis revealed that the substance was .55 gram of crack cocaine.

Hollingsworth testified on behalf of the State and related what happened after he encountered Perkins. According to Hollingsworth, Perkins approached him at the intersection of "Sixth and Page" and asked him what he wanted. Hollingsworth stated that he told Perkins that he wanted to buy forty dollars' worth of crack cocaine. Hollingsworth testified that Perkins asked him whether he was an informant, and after he assured Perkins that he was not, Perkins sold him crack cocaine, which Hollingsworth put in one of the evidence bags.

Perkins took the stand in his own defense. He testified that he was standing in the 400 block of Prince Street in Clarksdale [FN6] when a car pulled up. He stated that he thought that the driver needed directions so he approached the vehicle to see if he could be of assistance. Perkins stated that, at that point, the driver stated to him, "I want 40." Perkins testified that he instructed Hollingsworth to "make a block" and that while Hollingsworth was gone, he picked up a piece of Sheetrock that he had found on the ground and put it into a paper bag. Perkins stated that he asked Hollingsworth if he was an informant because he did not know him and was reluctant to deal with him, even though he was only selling him Sheetrock. Hollingsworth assured Perkins that he was not an informant. Perkins stated that Hollingsworth asked, and was allowed, to view the product before making the purchase for forty dollars. Perkins admitted selling Sheetrock to Hollingsworth but denied selling him crack cocaine. As stated, at the conclusion of the trial, the jury found Perkins guilty as charged.

> FN6. Apparently this location is more than 1,500 feet from Calvary Missionary Baptist Church, and this is where Perkins contends that the sale took place.

*Perkins,* 37 So.3d at 657-659.

The court concluded that it was possible and reasonable for the jury to find Perkins guilty of

sale of a controlled substance within 1,500 feet of a church based upon the evidence given at trial.

"There is no merit to Perkins's contention that the verdict against him was reached against the overwhelming weight of the evidence. Thus, allowing his conviction to stand will not sanction an unconscionable injustice. This issue lacks merit." *Id*. at 660. As such, the Mississippi Supreme Court's resolution of the issue in Ground One was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. As such, Perkins' request for *habeas corpus* relief on this ground must be denied.

## Ground 3(A) – Right to a Speedy Trial

In Ground Three (A), Perkins argues that he was denied his right to a speedy trial. The Mississippi Supreme Court reviewed this issue in Perkins' application for post-conviction collateral relief and found that it had no merit. Allegations of constitutional speedy trial violations are governed by the four-pronged test laid out in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972). In that decision, the Supreme Court announced four factors to be weighed in reaching a speedy trial determination: (1) length of delay, (2) reason for the delay, (3) the accused's assertion of the speedy trial right, and (4) prejudice to the accused. These factors must be considered together, and no single factor is determinative.

### *Length of Delay*

This factor serves as a "triggering mechanism." *Id*. at 530. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay is necessarily dependent upon the peculiar circumstances of the case." *Id*. "The relevant period of delay is that following accusation, either arrest or indictment, whichever occurs first." *Robinson v. Whitley*,

- 8 -

2 F.3d 562, 568 (5th Cir. 1993), *citing Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46

L.Ed.2d 205 (1975). In the Fifth Circuit, a one-year delay is routinely recognized as "presumptively

prejudicial." *Id.*, citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). In Mississippi, the state

supreme court has generally held that a delay of eight (8) months (270 days) or longer is

"presumptively prejudicial." *State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001), *citing Smith v. State*,

550 So.2d 406, 408 (Miss. 1989).

     A brief chronology of events leading up to Perkins' trial will lend clarity to this discussion.

Perkins was indicted on May 29, 2007, arrested on June 4, 2007, and arraigned on June 5, 2007. SCR,

Vol. 1, p. 1, 3, 6. Perkins was first represented by Allan Shackelford, a Coahoma County Public

Defender; appointed to him on June 5, 2007. SCR, Vol. 1, p. 6. On July 23, 2007, Attorney David

Tisdell was substituted in place of Shackelford. SCR, Vol. 1, p. 7. On September 13, 2007, Perkins

filed a *pro se* Motion to Dismiss alleging withholding of and tampering with evidence. SCR, Vol. 1, p.

8. On December 17, 2007, Perkins filed a *pro se* "Motion for direct verdict of acquittal" again alleging

evidence tampering. SCR, Vol. 1, p. 9. On January 23, 2008, Perkins filed another *pro se* "Motion for

directed verdict of acquittal" alleging withholding of evidence. SCR, Vol. 1, p. 13. On February 20,

2008, Perkins filed a *pro se* "Motion for hearing" requesting a hearing and ruling on his "motion for

direct verdict of an acquittal" filed on December 17, 2007. SCR, Vol. 1, p. 19. On March 4, 2008,

Perkins' attorney, David Tisdell, filed a "Demand for speedy trial" under the provisions of Miss. Code

Ann. § 99-17-1. SCR, Vol. 1, p. 21. On April 9, 2008, Perkins filed a *pro se* Motion to Dismiss raising

a speedy trial claim. SCR, Vol. 1, p. 25.

     The record does not contain any written continuances. Perkins' trial began on July 24, 2008,

and the jury found him guilty of sale, transfer, or delivery of cocaine within 1,500 feet of a church.

SCR, Vol. 1, p. 28-29; Vol. 2, p. 1.  No one involved with the case raised the issue of a speedy trial

violations before the beginning of the Perkins' trial.  Though a period of 386 days passed between

Perkins' arrest his trial date, the delay resulted from a crowded docket and would not trigger the

presumptive 270 day delay under the Mississippi Supreme Court's holding in *Woodall, supra*.

### *Reason for delay*

With regard to this factor:

> Closely related to length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531.  The record reveals no deliberate attempt by the State to delay trial.

### *Defendant's Assertion of the Right.*

The third consideration is whether the defendant effectively asserted his right to a speedy trial.

Perkins first requested a speedy trial through his attorney on March 4, 2008, stating that the defense

was available for trial.  SCR, Vol. 1, p. 21.  Perkins' *pro se* Motion to Dismiss filed April 9, 2008,

requested that his case be dismissed because of speedy trial violations, not that his case be brought to

trial expeditiously.  SCR, Vol. 1, p. 25.  In his motions, Perkins asserts his state court right to speedy

trial and makes a vague unsupported claim about the delay constituting a "violation of the defendants

constitutional rights."  In those motions Perkins did not, however, discuss the number, length, type, or

reasons for any delays.

### *Prejudice to the Defendant.*

The final factor a court must consider when analyzing a speedy trial claim is prejudice to the

- 10 -

accused. The right to a speedy trial protects several interests vital to the accused: (1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. The "most serious" of these is the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

Perkins has not alleged or shown that the delay prior to his trial caused (1) oppressive pre-trial incarceration, (2) undue stress, or (3) impairment of his defense as required to prove a violation of his right to a speedy trial under *Barker, supra*. Perkins has not shown that his defense was prejudiced by the delay between arrest and trial because he has not identified any witnesses or evidence unavailable to him because of the delay.

For these reasons, Perkins has not proven a violation to his right to a speedy trial under either state or federal law. The Mississippi Supreme Court's decision on this issue was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Respondents submit that Perkins is not entitled to habeas relief on Ground Three (A).

### Grounds Two, Three (B), Four, Five, and Six: Ineffective Assistance of Trial Counsel

In Grounds Two, Three (B), Four, Five, and Six, Perkins argues that he was denied effective assistance of counsel at trial. The Mississippi Supreme Court found no merit to these issues. To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington,* 466 U.S. 668 (1984), by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective

assistance. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Perkins must establish each of the *Strickland* test to prevail, *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); as such, if Perkins fails to prove one prong, then the court need not address the other.

Under the deficiency prong of the test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. In analyzing such a claim, a court must review the facts as they were known to counsel at the time, rather than relying on the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). There is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. A determination must be made of whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). Perkins must thus "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

To prove prejudice, a petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

**Ground Three (B): Untimely Assertion of Speedy Trial Claim**

- 12 -

In Ground Three (B), Perkins claims counsel was deficient when he untimely asserted a claim for violation of the right to a speedy trial, and was deficient in his failure to obtain a ruling on the speedy trial demand. Perkins' defense counsel filed a demand for speedy trial on March 4, 2008. SCR, Vol. 1, p. 21. As discussed above, however, Perkins' claim does not meet the test as set out in *Barker v. Wingo, supra,* to show a constitutional speedy trial violation. Trial counsel thus had no valid basis to assert a speedy trial claim, and his decision not to do so was sound. Without a showing of deficiency, there can be no prejudice. Perkins not shown how any his counsels' performance prejudiced the outcome of his trial. The Mississippi Supreme Court acted reasonably in holding that Perkins failed to meet the *Strickland* test, and this claim will be denied.

### Grounds Four and Six: Failure to File Motions to Quash the Indictment and to Suppress Surveillance Video

In Grounds Four and Six, Perkins claims that trial counsel should have filed motions to quash the indictment and to suppress the results from the Mississippi Crime Lab. Perkins argues that his indictment was not supported by probable cause and that his attorney should have sought to quash it. Perkins believes the indictment was defective because the warrant for his arrest was based upon a charge of sale of a controlled substance under Miss. Code Ann. § 41-29-139(a), but he was tried and convicted under § 41-29-142 (a statutory enhancement of a sentence). The indictment charges Perkins with sale of cocaine under § 41-29-139(a)(1) *as enhanced by* both § 41-29-142 (within 1,500 feet of a church) and § 99-19-81 (habitual offender). SCR, Vol. 1, p. 3. The indictment put Perkins on notice of the crime for which the state sought a conviction – including the statutorily enhanced penalties. Any motion to quash the indictment would have been meritless.

The results from the Mississippi Crime Lab showed the substance Perkins sold was, indeed, crack cocaine. SCR, Vol. 2, p. 85-88. Perkins argues, however, that trial counsel should have

- 13 -

attempted to suppress that lab result under M.R.E. 901(a), based upon evidence tampering and chain of custody violations. Mississippi Rule of Evidence 901 sets out the requirements for authentication and identification of evidence. The evidence offered by the state to prove that the substance in question was crack cocaine was properly authenticated and identified under Mississippi law. SCR, Vol. 2, p. 85. The evidence was offered through the testimony of Teresia Hickmon, forensic scientist with the Mississippi Crime Lab. SCR, Vol. 2, p. 82-83. She was accepted as an expert in the field of forensic drug analysis. *Id.* Perkins also claims that the State did not offer any proof that the confidential informant or his car was searched before the sale, but his claim is directly contradicted in the record. In his testimony, Sergeant Ricky Bridges of the Clarksdale Police Department stated that the confidential informant's person and car were searched prior to the buy. SCR, Vol. 2, p. 58 and 61.

Within Grounds Four and Six, Perkins also claims that the state did not prove that the sale of cocaine took place within 1,500 feet of a church, and that his trial counsel should have objected to the testimony of Sergeant Ricky Bridges. Perkins claims that Bridges improperly authenticated the location of the sale of cocaine. Sergeant Bridges testified at trial that the buy occurred west of the intersection of Sixth and Barnes Streets. SCR, Vol. 2, p. 70. Corporal Joseph Wide testified that, although he could not recall the exact location of the buy, he was certain that it had occurred on Sixth Street. SCR, Vol. 2, p. 112. Confidential Informant James Hollingsworth testified that the buy occurred at the intersection of Sixth and Page Street. SCR, Vol. 2, p. 97.

On the issue of the location of the sale of the cocaine, the Mississippi Court of Appeals held:

Sergeant Bridges testified that, prior to concluding that Perkins conducted the sale within 1,500 feet of the church, he measured the distance between the point where the buy occurred and Calvary Missionary Baptist Church. Sergeant Bridges testified that he used an "electronic range finder" to perform the measurements. The record is not clear as to whether the intersections of Sixth and Barnes Streets, Sixth and Page Streets, and Sixth and Grant Streets are all within 1,500 feet of Calvary Missionary

Baptist Church. Nevertheless, it is clear that Sergeant Bridges testified that the buy occurred within 147 feet of the church. *Obviously, the jury considered Perkins's testimony, that the sale took place on Prince Street, less credible than Sergeant Bridges's.* It is well settled in Mississippi that "the jury, and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony." *Burrell v. State*, 613 So.2d 1186, 1192 (Miss.1993) (citing *Gathright v. State*, 380 So.2d 1276, 1278 (Miss.1980)). *There is sufficient evidence in the record to support the jury's finding that the sale took place within 1,500 feet of Calvary Missionary Baptist Church.*

*Perkins,* 37 So.3d at 659 (emphasis added). Conflicting evidence existed on this issue, and the jury decided what evidence to believe.

Trial counsel had no basis to object regarding Perkins' proximity to a church at the time of the drug transaction, and his decision not to object was sound. "Failure to raise meritless objections is not ineffective lawyering, it is the very opposite." *Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994). As there was no deficiency, there can be no prejudice. Perkins has not shown how his counsels' performance prejudiced the outcome of his trial. The Mississippi Supreme Court acted reasonably in rejecting Perkin's claim under *Strickland*, and his claims in Grounds Four and Six will be denied.

### Ground Five: Failure to Seek Exclusion of the Surveillance Tape

In Ground Five, Perkins claims that trial counsel should have requested that the surveillance tape be excluded under the balancing test of Miss. R. Ev. 403. Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[2] The surveillance tape of the sale of

---

[2] The comment to Miss. R. Ev. 403 provides:
Relevant evidence may be inadmissible when its probative value is outweighed by its tendency to mislead, to confuse, or to prejudice the jury. If the introduction of the evidence would waste more time than its probative value was worth, then a trial judge may rightly exclude such otherwise relevant evidence. By providing for the exclusion of evidence whose probativeness is outweighed by

cocaine was recorded from the confidential informant's car and was identified at trial by Sergeant

Bridges. SCR, Vol. 2, p. 61. At trial, the defense counsel raised issues of proper authentication to the

court. SCR, Vol. 2, p. 67-68. However, the court held that the tape could be admitted as it could be

authenticated by both Sergeant Bridges and the confidential informant as an accurate recording the

sale of cocaine. SCR, Vol. 2, p. 68.

Perkins has not set forth why he believes that Miss. R. Ev. 403 could have been used to stop

the State from introducing the surveillance tape, and the court cannot discern a way to do so. The tape

was properly admitted into evidence. Defense counsel's decision not object on this basis was sound.

Where there is no deficiency, there can be no prejudice, and Perkins not shown how counsel's decision

regarding the surveillance tape prejudiced the outcome of the trial. The Mississippi Supreme Court

acted reasonably in rejecting this claim, and Perkins' claims in Ground Five will be denied.

### Ground Two: Failure to Submit a Jury Instruction on Perkins' Theory of the Case

Perkins claims in Ground Two that trial counsel failed to submit a jury instruction on

petitioner's theory of the case – that he sold the confidential informant sheetrock instead of cocaine. A

review of the jury instructions offered in this case show that the jury was properly instructed on the

elements of the crime, the form of the verdict, a jury's duty as fact finder, the presumption of

innocence, the unanimous verdict requirement, the consideration of expert testimony, the burden of

proof, and reasonable doubt. SCR, Vol. 1, p. 43-53. Perkins wanted his attorney to submit an

instruction that that the jury could convict him of sale of a counterfeit substance instead of sale of

---

prejudice, Mississippi is following existing federal and state practice. *U.S. v. Renfro*, 620 F.2d 497 (5th Cir. 1980), *cert.* denied 449 U.S. 921, 101 S.Ct. 321, 66 L.Ed.2d 149 (1980). Such a rule also keeps collateral issues from being injected into the case. *Hannah v. State*, 336 So.2d 1317 (Miss. 1976), *cert.* denied, 429 U.S. 1101, 97 S.Ct. 1126, 51 L.Ed.2d 551 (1977); *Coleman v. State*, 198 Miss. 519, 23 So.2d 404 (1945). This rule also gives the trial judge the discretion to exclude evidence which is merely cumulative. *Carr v. State*, 208 So.2d 886 (Miss. 1968).

cocaine. As the Mississippi Court of Appeals stated, "the record clearly establishes that the substance that Hollingsworth bought from Perkins was placed in an evidence bag, taken to the Mississippi Crime Laboratory for testing, and determined to be crack cocaine." *Perkins,* at 660. Perkins testified at trial that he sold Hollingsworth sheetrock instead of cocaine. SCR, Vol. 2, p. 104-105. His theory is that all of the prosecution witnesses, including the Mississippi Crime Lab, have conspired to convict him of selling cocaine. SCR, Vol. 2, p. 109.

Under Mississippi Code Ann. § 41-29-139 (a), it is illegal for someone to sell either a controlled substance or a counterfeit substance.[3] Perkins believes that he could have been convicted under Miss. Code Ann. § 41-29-146 for false representation of substance – which has a substantially shorter maximum penalty (five years) than the crime that Perkins was convicted of under § 41-29-139 (a)(1). When enhanced by § 41-29-142 for being within 1,500 feet of a church at the time of the sale – and as a habitual offender under § 99-19-81 – Perkins faced a maximum sentence under § 139 of sixty years (though Perkins only received a thirty year sentence).

Perkins argues that his attorney should have submitted a jury instruction on the lesser non-included offense as discussed in *Green v. State,* 884 So.2d 733 (Miss. 2004). On direct appeal of Perkins' conviction, the Mississippi Court of Appeals made the following findings on this issue:

> As noted, Perkins testified that he sold Sheetrock to Hollingsworth rather than cocaine. Since *Green* makes it clear that Perkins would have been entitled to a lesser, non-included-offense instruction regarding the alleged sale of Sheetrock had he requested one, the question is whether the failure of his attorney to do so constitutes ineffective assistance of counsel. The record before us is not adequate to answer this

---

[3] Miss. Code Ann. § 41-29-139. Prohibited acts and penalties; indictments for trafficking. (a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance; or (2) To create, sell, barter, transfer, distribute, dispense or possess with intent to create, sell, barter, transfer, distribute or dispense, a counterfeit substance.

question, as the decision to forego a request for such an instruction may very well fall within the realm of trial strategy. For example, the record does not shed any light upon whether Perkins's attorney thought it best to force the jury to choose between only two choices: guilty as charged or not guilty. Requesting a lesser, non-included-offense instruction for selling a substance falsely represented as cocaine would have given the jury a third option and an opportunity to perhaps reach a compromised verdict. As noted, Perkins was adamant that he only sold Sheetrock. It is not entirely implausible that, notwithstanding Perkins's knowledge that selling Sheetrock under the circumstances constituted only a misdemeanor, he may not have wanted the jury to have the option of convicting him of the misdemeanor, because such a conviction could still result in some jail time. *Because we are unable to conclude from the record before us that Perkins's attorney was constitutionally ineffective for not requesting the lesser, non-included-offense instruction, we affirm Perkins's conviction and sentence and refrain from addressing his claim of ineffective assistance of counsel, without prejudice to him to raise this issue in a motion for post-conviction relief should he desire to do so.*

*Perkins,* at 661-662 (emphasis added).

Though he raised this issue on direct appeal, the Mississippi Court of Appeals declined to address the issue and suggested that Perkins pursue the issue through the process of post-conviction collateral relief. Perkins did not, however, raise this issue in his Application for Post-Conviction Relief, which he filed on September 24, 2010. *See* Brief and Other Pleadings. As such, this issue has not been reviewed by the Mississippi Supreme Court and is not properly raised in the present federal petition for a writ of *habeas corpus. See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Perkins has not proceeded in a procedurally proper manner under state law as to this claim and has thus forgone his opportunity to exhaust it in state court. As such, Perkins has "technically exhausted" his claims in the instant petition and those claims are procedurally defaulted.[4]

---

[4] *See Jones v. Jones,* 163 F. 3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . [,] there is no substantial difference between nonexhaustion and procedural default."); *see also Sones v. Hargett,* 61 F. 3d 410, 416 (5th Cir. 1995); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to

In any event, these claims are also without merit. The record does not support any finding that Perkins was denied effective assistance of counsel. Perkins fails to show how his counsel's actions were deficient. Counsel's decision regarding which theory of the case to present to the jury is a strategic one by its very nature. Perkins cannot establish the prejudice prong of *Strickland*, as he has not shown that, but for the counsel's actions, the results of the proceedings would have been different. This is especially apparent given the significant amount of evidence of Perkins' guilt. There is not a "reasonable probability" that, but for the alleged errors of Perkins' defense or appellate attorneys, Perkins' trial or appeal would have been decided differently. As such, the Mississippi Supreme Court did not err in denying relief for the above claims of ineffective assistance of counsel. Perkins' request for *habeas corpus* relief will be denied as to Grounds Two, Three, Four, Five, and Six of the instant petition.

### Ground Seven: Defective Indictment

In Ground Seven, Perkins claims that his indictment was defective due to false testimony and false presentation of evidence. Generally speaking a claim challenging the sufficiency of an indictment is strictly a matter of state law and is precluded from *habeas corpus* review. A state's interpretation of its own laws or rules is no basis for federal *habeas corpus* relief because no

---

return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett, supra; see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review). Perkins has not shown "cause" under the "cause and prejudice" test so that this court may reach the merits of these claims despite the procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Finally, there will be no "fundamental miscarriage of justice" if Perkins' claim is not heard on the merits. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

- 19 -

constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5ᵗʰ Cir. 1981). Federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

The sufficiency of a state indictment is not a matter for federal *habeas corpus* relief unless the indictment was so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5ᵗʰ Cir. 2003); *McKay v. Collins,* 12 F.3d 66, 68 (5ᵗʰ Cir. 1994) (*citing Branch v. Estelle,* 631 F.2d 1229 (5ᵗʰ Cir. 1980); *Alexander v. McCotter,* 775 F.2d 595, 598 (5ᵗʰ Cir. 1985) (citations omitted).

The indictment in this case clearly complied with Rule 7.09 of the Uniform Circuit and County Court Rules, and Perkins has not shown that it was so defective the court did not have jurisdiction. Further, if the state court has held that an indictment is sufficient under state law, "a federal court need not address that issue." *McKay,* 12 F.3d at 68 (citations omitted). The Mississippi Supreme Court rejected Perkins' identical challenge to the indictment in his motion for post-conviction relief. As such, the court need not review the issue, and Perkins' claim in Ground Seven challenging the indictment will be denied.

## Conclusion

None of Perkins' claims in the instant petition for a writ of *habeas corpus* has merit. The rulings of the Mississippi Supreme Court did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d

- 20 -

414, 421 (5th Cir. 2002). In addition, as to each issue, the Mississippi Supreme Court's decision was not based on an unreasonable determination of the facts in light of the evidence. As such, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 5th day of March, 2014.


                                    /s/ Glen H. Davidson
                                    SENIOR JUDGE